IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAR-LIN MINATEE, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 09-3016 |
| PHILADELPHIA POLICE DEPT., | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                      **OCTOBER 9, 2009**

Presently before the Court is the Motion to Dismiss filed by Defendants, the Commonwealth of Pennsylvania and Governor Edward G. Rendell ("Governor Rendell") (collectively "Commonwealth Defendants"). For the reasons set forth below, the Motion will be granted.

**I.     FACTS**

On July 24, 2009, Plaintiff Mar-Lin Minatee ("Minatee") filed a pro se Complaint against the Philadelphia Police Department, Commonwealth Defendants, the City of Philadelphia, Philadelphia Police Commissioner Charles Ramsey, Philadelphia Mayor Michael Nutter and Philadelphia Police Officers Rosa Ramos ("Officer Ramos"), Cynthia Frye ("Officer Frye") and Clifton Lyghts ("Officer Lyghts") (collectively "Defendants"). In his Complaint, Minatee alleges that Defendants are liable to him for malicious prosecution under 42 U.S.C. § 1983 ("§ 1983").[1]

Minatee claims that on June 30, 2007, while he was unloading his double-parked car,

---

[1] Minatee states that he is suing Governor Rendell in his official capacity. (Id. at 4.)

Officer Ramos approached him and stated "you can't stay there."  (Compl. at 2.)  Minatee claims that Officer Frye, Officer Lyghts and Philadelphia Parking Authority tow trucks subsequently arrived at the scene.  (Id. at 2-3.)  Minatee further claims that Officer Lyghts told him that if he did not move away from the car, he would have to taser him.  (Id.)  Minatee asserts that Officer Lyghts then tasered him.  (Id.)  Minatee further alleges that he was beaten by the officers, unlawfully arrested and, while being held at the police station, placed in a cell with two other arrestees despite the danger it posed to him because of his employment as a corrections officer.  (Id.)  Minatee asserts that he was charged with harassment, obstructing justice, disorderly conduct, terroristic threats and resisting arrest.  (Id. at 2.)  Minatee claims that he was found "not guilty" of all of the charges.  (Id.)  As a result of the arrest and subsequent prosecution, Minatee alleges he suffered "head trauma, back injuries, bruises, scars, and mental abuse," and seeks damages in the amount of $12,000,000.  (Id. at 3-4.)

On September 3, 2009, Commonwealth Defendants filed the instant Motion, arguing that this Court should dismiss Minatee's Complaint as to them pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6).  (Mot. to Dismiss at 2.)  On September 28, 2009, Minatee filed an "Objection" to Commonwealth Defendants' Motion.

## II.     STANDARDS OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atl. Corp. v. Twombly, the Supreme Court stated that "a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007).

Following Twombly, the Third Circuit has explained that the factual allegations in the complaint may not be "so undeveloped that it does not provide a defendant the type of notice which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Moreover, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 563 n.8). Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 234 (quoting Twombly, 550 U.S. at 555). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. (quoting Twombly, 550 U.S. at 556).

Recently, in Ashcroft v. Iqbal, the Supreme Court applied the Twombly standard, stating that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). The Supreme Court explained that deciding whether a "complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief." Id.

Notwithstanding Twombly and Iqbal, the general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief, not detailed factual allegations. Phillips, 515 F.3d at 231. Moreover, when evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. Id.; Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

In addition to asserting a motion to dismiss for failure to state a claim, a party may assert a motion to dismiss based on lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion is a proper mechanism for raising the issue of whether Eleventh Amendment immunity bars federal jurisdiction. Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir. 1996) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984), for the proposition that the Eleventh Amendment deprives federal courts of subject-matter jurisdiction). In deciding a Rule 12(b)(1) motion, "the court must determine whether it has authority or competence to hear and decide the case." 8131 Roosevelt Blvd. Corp. v. City of Philadelphia, No. 02-1392, 2003 U.S. Dist. LEXIS 144, at *6 (E.D. Pa. Jan. 6, 2003).

> Unlike a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), in a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."

Id. at *7 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). Under Rule 12(b)(1), the plaintiff bears the burden of proving that subject-matter jurisdiction is proper in this Court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). If a court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

### III. DISCUSSION

Commonwealth Defendants move to dismiss Minatee's Complaint for the following reasons: 1) Commonwealth Defendants are not "persons" amenable to suit under § 1983; 2) the Eleventh Amendment bars Minatee's claim; 3) Governor Rendell was not personally involved in the alleged events; and 4) the expiration of the statute of limitations bars recovery. The Court agrees with the Commonwealth Defendants' first argument and finds that it is sufficient to warrant dismissal of the Complaint against them. We will therefore grant Commonwealth Defendants' Motion without addressing the remaining arguments.

In Will v. Mich. Dep't of State Police, the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." 491 U.S. 58, 71 (1989). In reaching this conclusion, the Court noted that "States are protected by the Eleventh Amendment while municipalities are not, and we consequently limited our holding in Monell 'to local government units which are not considered part of the State for Eleventh Amendment purposes.'" Id. at 70 (citations omitted) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 n.54 (1978)). The Court also found that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Id. at 71 (citations omitted).

In his Complaint alleging malicious prosecution under § 1983, Minatee not only names the Commonwealth of Pennsylvania as a Defendant, but has also states that he is suing Governor Rendell in his official capacity.  (Compl. at 1, 4.)  Because neither of these entities are "persons" under § 1983, Minatee's Complaint alleging malicious prosecution under § 1983 must be dismissed as to both the Commonwealth of Pennsylvania as well as Governor Rendell.

An appropriate Order follows.