# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| MAR-LIN MINATEE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | No. 09-3016 |
| | : | |
| Defendants. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                             **JANUARY 15, 2015**

Presently before the Court is an "Independent Action" filed by pro se Plaintiff,[1] Mar-Lin Minatee ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 60(d)(1) and 60(d)(3),[2] Defendants' Response, and Plaintiff's Reply. For the reasons stated below, Plaintiff's "Independent Action" will be denied.

---

[1] Pro se litigants are entitled to a liberal reading of their filings. See Ellington v. Cortes, 532 F. App'x. 53, 55 (3d Cir. 2013). Accordingly, we make our best attempt at interpreting Plaintiff's submissions and the allegations and arguments contained therein.

[2] Federal Rules of Civil Procedure 60(d)(1) and (3) state:

> Other Powers to Grant Relief. This rule does not limit a court's power to:
>
> (1) entertain an independent judgment to relieve a party from a judgment, order, or proceeding;
>
> (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d)(1) and (3).

## I.     Procedural History[3]

On July 24, 2009, Plaintiff filed a pro se Complaint against the Philadelphia Police Department, the Commonwealth of Pennsylvania (the "Commonwealth"), Governor Edward G. Rendell ("Governor Rendell"), the City of Philadelphia ("City"), Commissioner Ramsey, Mayor Nutter, Officer Rosa Ramos ("Officer Ramos"), Officer Cynthia Frye ("Officer Frye"), and Lieutenant Clifton Lyghts ("Lt. Lyghts") (collectively, the "Defendants"). In his Complaint, Plaintiff alleged that the Defendants maliciously prosecuted him in violation of his Fourth Amendment rights, thereby entitling him to monetary damages under 42 U.S.C. § 1983 ("§ 1983"). Plaintiff also alleged supervisory liability claims against the City of Philadelphia, Commissioner Ramsey, and Mayor Nutter, and excessive force claims against Officer Paul Guercio ("Officer Guericio"), Officer John Descher ("Officer Descher"), and Lt. Lyghts.

On September 3, 2009, Defendants filed a Motion to Dismiss Plaintiff's claims against Governor Rendell and the Commonwealth. We granted the Motion on October 9, 2009, and dismissed Governor Rendell and the Commonwealth from this action finding that they were not "persons" amenable to suit under § 1983. See Minatee v. City of Phila. No. 09-3016, 2009 WL 3286149, at *1 (E.D. Pa. Oct. 9, 2009).

On June 9, 2011, Defendants filed a Motion for Summary Judgment alleging that Plaintiff had failed to state a cause of action against the City, Commissioner Ramsey, Mayor Nutter, and

---

[3]For a complete factual and procedural background of this action, see this Court's previous Memorandum Opinion. See Minatee v. City of Phila., No. 09-3016, 2011 WL 4017942, at *1-3 (E.D. Pa. Sept. 9, 2011).

several officers.[4] On September 9, 2011, we granted summary judgment on all municipal supervisory and/or failure to train claims, and with regard to Plaintiff's malicious prosecution claim in favor of the City Defendants. See Minatee, 2011 WL 4017942, at *1-12. The remaining claims were use of excessive force claims against Lt. Lyghts, Officer Ramos, Officer Frye, Officer Descher, and Officer Guercio. These claims were tried before this Court on September 19, 2011, and a verdict in favor of all Defendants was handed down on September 22, 2012. (See Doc. No. 70.) A day earlier on September 21, 2012, Plaintiff filed a Notice of Appeal in the United States Court of Appeals for the Third Circuit ("Third Circuit") appealing this Court's granting of the Motion for Summary Judgment. (See Doc. No. 69.) On October 29, 2012, the Third Circuit affirmed our decision granting summary judgment. See Minatee v. Philadelphia Police Department, 502 F. App'x 225 (3d Cir. 2012).

Plaintiff filed the instant "Independent Action" on August 13, 2014. (Doc. No. 77.) Defendants filed a Response, and Plaintiff submitted a Reply. (Doc. Nos. 79-80.)

**II.   DISCUSSION**

Although it is not entirely clear from his filings, Plaintiff appears to assert that this Court should entertain this "Independent Action" pursuant to Rule 60(d) to relieve him of the judgment against him in our Summary Judgment determination, and also from the jury trial verdict. (Independent Action Brief at 2.) Plaintiff asserts that there are "extraordinary circumstances" to allow this Court to entertain this "Independent Action." (Id.)

Plaintiff states that the "Defendants through their Attorney, changed their defense and

---

[4]Defendants did not move for summary judgment as to Lt. Lyghts, Officer Descher or Officer Guercio in relation to the excessive use of force claim.

argued and persuaded the Court [sic] to trial on 'Excessive Force' instead of Malicious Prosecution, which was not pleaded as a cause of action by the Plaintiff." (Id.) Plaintiff further contends that "[d]ue to the actions of the Defendants, result [sic] in fraud on the Court due to misrepresentation of evidence by Defendants." (Id.) Plaintiff also argues that because there was a "favorable determination in the state court on criminal charges filed against him,"[5] that this Court should set aside the decision rendered at trial for "excessive force, prohibit the Defendants from presenting any of the claims of probable cause and schedule a new trial." (Id. at 3.)

In Herring v. United States, the Third Circuit stated that "[w]e will employ a demanding standard for independent actions alleging fraud upon the court requiring: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court." 424 F.3d 384, 386-87 (3d Cir. 2005). The Court further concluded that "a determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself, and that it must be supported by clear, unequivocal and convincing evidence." Id. at 387.

Here, it is difficult to decipher what fraud Plaintiff claims has been perpetrated upon this Court because he fails to set forth fraud in any way. As discussed above, Plaintiff brought a claim of malicious prosecution in his § 1983 action against the Defendants. In addition, we construed Plaintiff's pro se Complaint to include claims of supervisory liability and excessive force. As noted, we granted summary judgment on the claims of malicious prosecution and

---

[5]Plaintiff submitted documentation dated January 8, 2013, from the Court of Common Pleas of Philadelphia County showing that he was found not guilty of harassment, terroristic threats, obstruction, and resisting arrest, and that these charges were expunged from his record. (See Petition for Independent Action, Ex.)

supervisory liability.  See Minatee, 2011 WL 4017942, at *1-12.  Plaintiff appealed the granting of summary judgment on these claims, and the Third Circuit affirmed our decision.  See Minatee, 502 F. App'x at 225.  In reaching this conclusion, the Court specifically found that "probable cause existed for Minatee's arrest."  Id. at 228.  Moreover, the excessive force claims were adjudicated at trial with a verdict being returned in favor of the Defendants.  Thus, Plaintiff cannot establish "fraud," and has failed to show, as required for relief under Rule 60(d), that disallowing relief would "prevent a grave miscarriage of justice."  See United States v. Beggerly, 524 U.S. 38, 47 (1998); see also Parham v. Klem, 496 F. App'x 181, 185 (3d Cir. 2012).  Accordingly, we deny Plaintiff's request for an "Independent Action."

An appropriate Order follows.