**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MAR-LIN MINATEE, | : |
| | : |
| Plaintiff, | : |
| | :     CIVIL ACTION |
| v. | : |
| | : |
| CITY OF PHILADELPHIA, et al., | :     No. 09-3016 |
| | : |
| Defendants. | : |
| | : |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                    **MARCH 12, 2015**

Presently before the Court is a "Motion to Alter or Amend and Reconsider and Reinstate

Trial Date for Original Claim of Malicious Prosecution" filed by pro se Plaintiff, Mar-Lin

Minatee ("Plaintiff").[1]  For the reasons stated below, Plaintiff's Motion is denied.

## I.      PROCEDURAL HISTORY[2]

On July 24, 2009, Plaintiff filed a pro se Complaint against the Philadelphia Police

Department, the Commonwealth of Pennsylvania (the "Commonwealth"), Governor Edward G.

Rendell ("Governor Rendell"), the City of Philadelphia ("City"), Commissioner Ramsey, Mayor

Nutter, Officer Rosa Ramos ("Officer Ramos"), Officer Cynthia Frye ("Officer Frye"), and

Lieutenant Clifton Lyghts ("Lt. Lyghts") (collectively, the "Defendants").  In his Complaint,

---

[1] Pro se litigants are entitled to a liberal reading of their filings.  See Ellington v. Cortes, 532 F. App'x. 53, 55 (3d Cir. 2013).  Accordingly, we make our best attempt at interpreting Plaintiff's submissions and the allegations and arguments contained therein.

[2] For a complete factual and procedural background of this action, see this Court's previous Memorandum Opinion.  See Minatee v. City of Phila., No. 09-3016, 2011 WL 4017942, at *1-3 (E.D. Pa. Sept. 9, 2011).

Plaintiff alleged that the Defendants maliciously prosecuted him in violation of his Fourth Amendment rights, thereby entitling him to monetary damages under 42 U.S.C. § 1983. Plaintiff also alleged supervisory liability claims against the City of Philadelphia, Commissioner Ramsey, and Mayor Nutter, and excessive force claims against Officer Paul Guercio ("Officer Guercio"), Officer John Descher ("Officer Descher"), and Lt. Lyghts.

On September 3, 2009, Defendants filed a Motion to Dismiss Plaintiff's claims against Governor Rendell and the Commonwealth. We granted the Motion on October 9, 2009, and dismissed Governor Rendell and the Commonwealth from this action finding that they were not "persons" amenable to suit under § 1983. See Minatee v. City of Phila. No. 09-3016, 2009 WL 3286149, at *1 (E.D. Pa. Oct. 9, 2009).

On June 9, 2011, Defendants filed a Motion for Summary Judgment alleging that Plaintiff had failed to state a cause of action against the City, Commissioner Ramsey, Mayor Nutter, and several officers.[3] On September 9, 2011, we granted summary judgment in favor of the City Defendants on all municipal supervisory and/or failure to train claims, and with regard to Plaintiff's malicious prosecution claim. See Minatee, 2011 WL 4017942, at *1-12. The remaining claims were excessive force claims against Lt. Lyghts, Officer Ramos, Officer Frye, Officer Descher, and Officer Guercio. These claims were tried before this Court on September 19, 2011, and a verdict in favor of all of the Defendants was handed down on September 22, 2012. (See Doc. No. 70.) A day earlier on September 21, 2012, Plaintiff filed a Notice of Appeal in the United States Court of Appeals for the Third Circuit ("Third Circuit") appealing

---

[3] Defendants did not move for summary judgment as to Lt. Lyghts, Officer Descher or Officer Guercio in relation to the excessive use of force claim.

this Court's granting of the Motion for Summary Judgment.  (See Doc. No. 69.)  On October 29,

2012, the Third Circuit affirmed our decision granting summary judgment.  See Minatee v.

Philadelphia Police Department, 502 F. App'x 225 (3d Cir. 2012).

Almost two years later on August 13, 2014, Plaintiff filed a document he termed as an

"Independent Action" seeking this Court to relieve him both of the judgment against him in our

summary judgment determination on the issue of malicious prosecution, and from the jury trial

verdict.  (Doc. No. 77.)  We denied this "Independent Action" in a Memorandum Opinion dated

January 15, 2015.  See Minatee v. Philadelphia Police Department, No. 09-3016, 2015 WL

224382, at *1 (E.D. Pa. Jan. 15, 2015).  Subsequently, on February 18, 2015, Plaintiff filed an

appeal of this decision to the Third Circuit.  (Doc. No. 83.)  Moreover, two days later on

February 20, 2015, Plaintiff filed the instant Motion for Reconsideration of our denial of this

"Independent Action."  (Doc. No. 85.)

## II.    STANDARD OF REVIEW

The purpose of a Motion for Reconsideration "is to correct manifest errors of law or fact

or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.

1985).  This Circuit has held that the party seeking reconsideration must demonstrate at least one

of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of

new evidence that was not available when the court granted the motion . . . or (3) the need to

correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Cafe by Lou-

Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Jackson v. Rohm & Haas Co.,

No. 06-1540, 2007 WL 579662, at *2 (3d Cir. Feb. 26, 2007).

This standard does not allow a party a "second bite at the apple."  See Bhaunagar v.

<u>Surrendra Overseas Ltd.</u>, 52 F.3d 120, 123 (3d Cir. 1995). "A litigant that fails in its first attempt to persuade a court to adopt its position may not use a motion for reconsideration either to attempt a new approach or correct mistakes it made in its previous one. A motion for reconsideration should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." <u>Kennedy Indus. Inc. v. Aparo</u>, No. 04-5967, 2006 WL 1892685, at *1 (E.D. Pa. July 6, 2006).

Moreover, in light of the court's interest in the finality of its judgments, such motions "should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." <u>Calhoun v. Mann</u>, No. 08-458, 2009 WL 1321500, at *1 (E.D. Pa. May 12, 2009) (citing <u>Ciena Corp. v. Corvis Corp.</u>, 352 F. Supp. 2d 526, 527 (D. Del. 2005)).

## III. DISCUSSION

In the instant Motion, Plaintiff reiterates the same reasons that he asserted in his "Independent Action" that he should be relieved of the summary judgment against him on the issue of malicious prosecution and the jury trial verdict because he had a favorable determination in the state court on the criminal charges against him. (Pl.'s Mot. at 2-3.) However, as we stated in our previous determination denying Plaintiff's "Independent Action," the Third Circuit affirmed our decision granting summary judgment on the claim of malicious prosecution specifically finding that there was "probable cause" for Plaintiff's arrest. <u>See</u> <u>Minatee</u>, 502 F. App'x at 228. Accordingly, because Plaintiff has not demonstrated any of the reasons to grant a reconsideration in this case, this Motion is denied. <u>See</u> <u>Max's Seafood Café</u>, 176 F.3d at 677.

Moreover, this Motion is also denied as untimely. As noted above, we denied Plaintiff's

4

"Independent Action" on January 15, 2015. (See Doc. No. 81.) Pursuant to Local Rule of Civil Procedure 7.1(g), Plaintiff had fourteen days to file a motion for reconsideration.[4] Plaintiff, however, filed the instant Motion on February 20, 2015, well after this time expired. Accordingly, we deny Plaintiff's Motion for Reconsideration.[5]

      An appropriate Order follows.

---

[4] This Rule states:

> Motions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the order concerned, other than those governed by Federal Rule of Civil Procedure 59(e).

E.D. Pa. Local R. 7.1(g).

[5] We recognize that Plaintiff's appeal to the Third Circuit of our denial of his "Independent Action" was filed two days before he filed the instant Motion for Reconsideration. However, for purposes of finality as to Plaintiff's Motion before the Third Circuit on appeal, we have entertained and ruled on this Motion. See Venen v. Sweet, 758 F.2d 117, 123 (3d Cir.1985); see also Livingston v. U.S., No. 09-546, 2009 WL 3424181, at *1 (D. N.J. Oct. 20, 2009).